People v Cedeno (2026 NY Slip Op 01411)

People v Cedeno

2026 NY Slip Op 01411

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Ind No. 1132/19|Appeal No. 6065|Case No. 2024-00637|

[*1]The People of the State of New York, Respondent,
vJonathan Cedeno, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Sarah E. Siegel of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

Order, Supreme Court, Bronx County (Laurence E. Busching, J.), entered on or about January 9, 2024, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The SORA court providently exercised its discretion in declining to grant a downward departure, and there is no basis for this Court to exercise its independent discretion to adjudicate defendant a level one sex offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's completion of sex offender treatment, family support network, military background, and employment prospects "were adequately accounted for by the risk assessment instrument or not shown to reduce defendant's particular risk of reoffense" (People v Hardison, 242 AD3d 423, 424 [1st Dept 2025]). Defendant also failed to demonstrate that "his good disciplinary record, rehabilitation and response to sex offender treatment program were so exemplary or exceptional as to warrant a departure" to level one (People v Gomez, 192 AD3d 602, 602 [1st Dept 2021], lv denied 37 NY3d 910 [2021]).
Defendant's familial relationship with the victim was also adequately accounted for by the risk assessment instrument, and we reject his contention that a downward departure is warranted because intrafamilial sex offenders who choose female victims have a significantly lower rate of sexual recidivism (see People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]; see also People v Santiago, 236 AD3d 575, 576 [1st Dept 2025], lv denied 44 NY3d 907 [2025]). Additionally, his "low Static-99 and COMPAS scores had only limited probative value and did not warrant a downward departure" (People v Castillo, 211 AD3d 648, 649 [1st Dept 2022], lv denied 39 NY3d 912 [2023]; see also People v Ouanes, 241 AD3d 1127, 1128 [1st Dept 2025]; People v Sheriff, 237 AD3d 624, 624 [1st Dept 2025], lv denied 44 NY3d 908 [2025]).
To the extent that it was a mitigating factor that defendant did not sexually reoffend during the approximately nine-year period between the offense conduct and his sentence in the underlying case, it was "outweighed by the egregiousness of the continuing offenses committed by defendant against a young child," his six-year-old daughter (Perez, 226 AD3d at 487; see also People v Artist, 231 AD3d 585, 586 [1st Dept 2024], lv denied 43 NY3d 902 [2025]), and his out-of-state misdemeanor convictions including domestic battery during the nine-year period.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026